UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TONY LEE BLASINGIM                                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 5:13CV-123-R

INTERVENTIONAL PAIN SPECIALIST                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff Tony Lee Blasingim, from Paducah, Kentucky, filed a *pro se* complaint on a general-complaint form against Interventional Pain Specialist (DN 1). Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the complaint will be dismissed.

**I.**

As grounds for filing this action in federal court, Plaintiff states that he "was given an appointment in Bowling green Ky. on July 3rd, 2013 After driving all the way there I was told that because of my class D felony drug charge I couldn't be a patient."

As his statement of claim, Plaintiff advises as follows:

I drove all the way to Bowling Green Ky. for a dr's Appointment and after having to use my bill money for gas was told that because of my class D felony drug charge I couldn't be a Patient there but on June 25th they saw my Girlfriend [] who has the same charge. I was discriminated against and I want something done about it.

As relief, Plaintiff seeks $15,000 "for being discriminated against but will settle for a little less" and also wants an injunction ordering that Defendant be "shut down."

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under the federal-question statute, codified at 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff does not specify any cause of action arising under the Constitution, laws, or treaties of the United States. In liberally construing the complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff alleges that Defendant, a private medical facility/physician, discriminated against him on the basis of gender by denying him treatment.

By alleging discrimination by a private entity/actor, Plaintiff may be seeking to bring an action under 42 U.S.C. § 1981. Section 1981, however, "prohibits *racial* discrimination in the making and enforcement of contracts." *McCormick v. Miami Univ.*, 693 F.3d 654, 659 (6th Cir.

2012) (citing *Runyon v. McCrary*, 427 U.S. 160, 168, (1976)) (emphasis added). As "[i]t is well-settled that § 1981 redresses only racial discrimination," *Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987), and Plaintiff's complaint contains no allegations of discrimination on the basis of race, the Court cannot construe Plaintiff's complaint as asserting a § 1981 claim.

"To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person *acting under color of state law* deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) (emphasis added). Further, while the Equal Protection Clause of the Fourteenth Amendment prohibits discrimination, it prohibits discrimination by the *state*. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972) (noting that the Equal Protection Clause prohibits discriminatory action by the state but "erects no shield" against private conduct, "however discriminatory or wrongful"). Plaintiff, however, alleges no facts, even liberally construed, suggesting any state action on the part of Defendant. Because Defendant is a private entity/actor, § 1983 and the Equal Protection Clause provide no relief.

The Court, therefore, concludes that Plaintiff fails to allege facts establishing this Court's federal-question jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (explaining that a jurisdictional dismissal may be appropriate where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous").

Additionally, to the extent Plaintiff may be attempting to assert a state-law claim, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Plaintiff alleges neither the

4

requisite amount in controversy, *see* § 1332(a) (providing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), nor that he and Defendant are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
 Defendant
4413.005